## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY S. STUART,<br>Appellant,<br><br>v.<br><br>OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DOCKET NUMBER<br>NY-0842-17-0107-I-1<br><br><br>DATE: August 4, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Yancey</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) concluding that he is not entitled to credit for his military service under the Federal Employees' Retirement System (FERS). Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis regarding whether the appellant's retired pay is based on his military service, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant performed active-duty military service with the U.S. Navy during the following time periods: March 25, 1974–March 22, 1979; March 18, 1981–March 16, 1984; and July 23, 1985–April 23, 1991. Initial Appeal File (IAF), Tab 3 at 30-32. On April 23, 1991, the appellant was placed on the Temporary Disability Retired List. *Id.* at 18, 30. Effective August 1, 1994, the Secretary of the Navy determined that the appellant had a permanent disability rated at 60% disabling, and thus, transferred him to the Permanent Disability Retired List for which he received retired pay. *Id.* at 18-22.

¶3 In addition, the appellant performed Federal civilian service and retired under FERS on November 28, 2015. IAF, Tab 8 at 36-39. In a letter dated March 23, 2016, OPM determined that the appellant could not receive credit for his military service toward his FERS annuity due to his receipt of military retired

pay. *Id.* at 15. In a separate letter dated August 24, 2016, OPM informed the appellant that he must waive his military retirement pay to obtain credit for his military service in his FERS retirement benefits calculation. *Id.* at 18-19. The appellant requested reconsideration of the August 24, 2016 decision, *id.* at 8-11, which OPM affirmed in a February 27, 2017 reconsideration decision, *id.* at 6-7.

¶4      The appellant thereafter filed this Board appeal challenging OPM's reconsideration decision, and he requested a hearing. IAF, Tab 1 at 1-10. Specifically, he argued that he does not have to waive his military retired pay to obtain credit for military service under FERS because such pay is based on his disability and not his years of military service. *Id.* at 4-8. During a telephonic status conference, the appellant withdrew his request for a hearing. IAF, Tab 13, Status Conference Compact Disc.

¶5      Based on the written record, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 15, Initial Decision (ID) at 1, 4. In particular, she found that the appellant did not prove by preponderant evidence that he is entitled to credit for his military service toward his FERS annuity. ID at 4.

¶6      The appellant filed a petition for review. Petition for Review (PFR) File, Tabs 1-2. OPM filed a response, PFR File, Tab 5, to which the appellant replied, PFR File, Tab 7. The Acting Clerk of the Board issued an order directing the parties to respond on the relevancy of *Babakitis v. Office of Personnel Management*, 978 F.2d 693 (Fed. Cir. 1992), to this case. PFR File, Tab 8. The appellant has filed a response. PFR File, Tab 9. OPM has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      Pursuant to 5 U.S.C. § 8411(c)(1)(B), a Federal employee covered under FERS generally is entitled to credit, for purposes of computing a basic retirement annuity, for "each period of military service performed after December 31, 1956, and before the separation on which title to annuity is based, if a deposit

(including interest, if any) is made with respect to such period in accordance with section 8422(e)."[2] *Barth v. Office of Personnel Management*, 116 M.S.P.R. 123, ¶ 9 (2011). However, as detailed below, section 8411(c)(2) provides that, except under certain circumstances, an employee usually cannot receive both military and civilian retirement service credit for the same periods. *See Babakitis*, 978 F.2d at 695 (observing that the analogous Civil Service Retirement System (CSRS) provision concerns double-crediting of military service time preceding civilian service, i.e., counting such military service as part of both a military and a civilian pension). Section 8411(c)(2) states the following:

> If an employee or Member is awarded retired pay based on any period of military service, the service of the employee or Member may not include credit for such period of military service unless the retired pay is awarded—
>
> (A) based on a service-connected disability—
>
> (i) incurred in combat with an enemy of the United States; or
>
> (ii) caused by an instrumentality of war and incurred in line of duty during a period of war as defined by section 1101 of title 38;
>
> (B) under chapter 1223 of title 10 (or under chapter 67 of that title as in effect before the effective date of the Reserve Officer Personnel Management Act).

5 U.S.C. § 8411(c)(2); *see* 5 C.F.R. § 842.306(b) (OPM's regulation implementing the statutory provision).

¶8        After considering the appellant's arguments on review, we discern no reason to disturb the administrative judge's finding that the appellant did not prove by preponderant evidence that he is entitled to credit for his military service toward his FERS annuity. ID at 4; *see* 5 C.F.R. § 1201.56(b)(2)(ii) (providing that an appellant bears the burden of proving his entitlement to

---

[2] "Military service" includes honorable active service in the armed forces. 5 U.S.C. § 8401(31)(A). It is undisputed that the appellant's military service qualifies under this definition. IAF, Tab 3 at 30-32.

retirement benefits by a preponderance of the evidence). In particular, the appellant reasserts on review his argument that he is not in receipt of retired pay because he did not retire based on 30 years of military service under 10 U.S.C. § 6326, or after transferring to the Fleet Reserve or Fleet Marine Corps Reserve under 10 U.S.C. §§ 6330-6331.[3] PFR File, Tab 1 at 1-2, Tab 2 at 2-4, Tab 7 at 10; IAF, Tab 14 at 4-5. He further argues that the administrative judge failed to recognize the difference between military retirement and military disability retirement. PFR File, Tab 1 at 2, Tab 2 at 3, Tab 7 at 10. To support his arguments, the appellant has submitted copies of certain statutory provisions and excerpts from the Department of Defense Financial Management Regulation about computing retired pay. PFR File, Tab 1 at 4, 8-15, Tab 2 at 6, 11-18.[4] We find that these documents and his arguments fail to disturb the administrative judge's finding that he is in receipt of retired pay. ID at 4. Military retired pay includes retirement pay awarded when a member of the armed forces is retired based on a permanent physical disability under 10 U.S.C. § 1201. *See* 10 U.S.C. § 1401; *see also Morris v. Office of Personnel Management*, 39 M.S.P.R. 206, 208 (1988). Here, the record shows that the appellant was awarded retired pay based on his permanent disability. IAF, Tab 3 at 18-22. Thus, we find that the appellant receives retired pay within the meaning of 5 U.S.C. § 8411(c)(2).

¶9    In addition, the appellant reasserts on review his claim that he was not awarded retired pay based on his years of military service because the method

---

[3] Effective February 1, 2019, Congress redesignated the statutory provisions to which the appellant cited as 10 U.S.C. § 8326 and 10 U.S.C. §§ 8330-8331, respectively. John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L. No. 115-232, § 807(14), 132 Stat. 1636 (2018).

[4] The remaining documentation submitted by the appellant on review was already part of the record before the administrative judge. *Compare* PFR File, Tab 1 at 5-7, 16-17, Tab 2 at 7-10, *with* IAF, Tab 3 at 14-15, 18-19, Tab 11 at 9-10; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that the Board need not consider evidence that is already a part of the record below because it is not new).

used to calculate the amount of his retired pay does not take into account the length of his military service. PFR File, Tab 1 at 1-3, Tab 2 at 2-5, Tab 7 at 8-10; IAF, Tab 1 at 4, 6-7, Tab 3 at 3, 5-6, Tab 10 at 4-6. The record reflects that there are two methods for calculating the appellant's retired pay, which is based on his placement on the Permanent Disability Retired List. IAF, Tab 3 at 20-22.[5] Method A is based on the appellant's 60% disability rating, and Method B is based on his years of military service. *Id.* at 21. Both methods use the appellant's active duty base pay from the pay bill in effect when he retired from the armed forces. *Id.* at 21, 32. The appellant's retired pay is calculated using Method A because it yields a higher gross pay amount than Method B. *Id.* at 21-22. OPM's reconsideration decision found that the appellant's military service is an integral part of his retired pay because both calculation methods use his active duty base pay in their formulas. IAF, Tab 8 at 7. The administrative judge acknowledged the appellant's argument that his retired pay is based on a percentage of his disability and not on his years of military service, but she found that the specific method used to calculate his retired pay is irrelevant. ID at 3-4. She further found that the record indicates that his retired pay is based on his military service. ID at 3.

¶10    As follows, we modify the initial decision to clarify the administrative judge's analysis regarding whether the appellant's retired pay is based on his military service. In *Babakitis*, 978 F.2d at 695-96, the U.S. Court of Appeals for the Federal Circuit considered as relevant the method used by the U.S. Navy to calculate the appellant's disability retirement annuity in determining whether his military pension was "based on" an initial period of military service for the purposes of 5 U.S.C. § 8332(c)(2). The court held that "a [military] pension is

---

[5] The explanation provided by the Defense Finance and Accounting Service regarding the appellant's retired pay computation is consistent with 10 U.S.C. § 1401, the statutory provision providing for the retired pay computation. IAF, Tab 3 at 20-22.

not based on a period of military service merely because it could have been based on such period," and that "[i]t must actually be based on such period." *Babakitis*, 978 F.2d at 696. The court rejected OPM's argument that the U.S. Navy's use of the appellant's pay grade from his initial period of military service in calculating the amount of disability payment meant that his disability retirement annuity was "based on" that period. *Id.* The court concluded that there was no impermissible double-crediting of the appellant's initial period of military service because his disability retirement annuity calculation was "based on" a disability that occurred during military service after the date of his separation from civilian employment, and the extent of his disability, and not on the total length of his military service. *Id.*

¶11     Here, although we find that the administrative judge erred in finding that the method used to calculate the appellant's military retired pay is irrelevant, we agree with her ultimate finding that his retired pay is based on his military service. ID at 3-4; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision). We acknowledge that the appellant correctly asserts that his retired pay is not calculated under Method B by using his total years of military service. IAF, Tab 3 at 21-22. However, the record shows that the appellant retired from the armed forces based on a disability that occurred during his military service before his separation from civilian employment. *Id.* at 18-19; *see* 10 U.S.C. § 1201 (providing for military retirement for physical disability). Further, as described above, the record shows that his award of retired pay is by virtue of his placement on the Permanent Disability Retired List. Moreover, we find that *Babakitis* is distinguishable from the instant appeal because, in that case, the appellant had an approximately 20-year gap between his two periods of military service, and the U.S. Navy believed that his military pension was based solely on his most recent military service period that occurred after the date he separated from civilian

employment. 978 F. 2d at 694, 696 n.2. Here, however, the appellant's three periods of military service were close in time and there is no evidence to suggest that his military retired pay was based solely on his most recent period of service. IAF, Tab 3 at 18-19, 30-32; *see Babakitis*, 978 F.2d at 695-96 (observing that 5 U.S.C. § 8332(c)(2) "clearly contemplates that *periods* of military service may be looked at individually" (emphasis in original)). In addition, the appellant acknowledges on review that his military retirement was based on disabilities that he acquired while working with hazardous substances during his military service, and he does not distinguish among his periods of military service. PFR File, Tab 7 at 13. Therefore, we find that the appellant's retired pay is "based on" all his periods of military service within the meaning of 5 U.S.C. § 8411(c)(2).

¶12        For the first time on review, the appellant refers to OPM's *CSRS and FERS Handbook for Personnel and Payroll Offices* (1998) (Handbook). PFR File, Tab 1 at 2, Tab 2 at 3-4, Tab 7 at 10-12; Handbook, *available at* https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/ (last visited Aug. 3, 2021). He argues that he does not have to waive retired pay to receive military service credit under FERS because, as explained in section 22A3.1-3 of the Handbook, he "has military service that was not used in the computation of military retired pay." PFR File, Tab 7 at 10-12. Even considering the Handbook, we find that it does not change the outcome of this appeal. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Specifically, section 22A3.1-3 of the Handbook cross-references section 22A4.1-1, which clarifies that the "military service that was not used in the computation of military retired pay" includes "[e]nlisted service performed as a cadet or midshipman by an individual who retires as an officer" and "[s]ervice in excess of 30 years." We find that the appellant's military service, during which he

developed a disability, is not similar to those types of military service described in the Handbook. Thus, we find that the Handbook does not conflict with 5 U.S.C. § 8411(c), or our analysis of that statutory provision. *See Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (stating that the Handbook lacks the force of law but is entitled to deference in proportion to its "power to persuade"), *aff'd per curiam*, 493 F. App'x 105 (Fed. Cir. 2013).

¶13 Moreover, we discern no reason to disturb the administrative judge's finding that the appellant does not dispute that he does not meet one of the statutory exceptions under 5 U.S.C. § 8411(c)(2)(A)-(B). ID at 3. The appellant argues on review that the administrative judge erred by not considering whether he meets an exception; however, he acknowledges that the record does not show that he incurred a disability in combat or caused by an instrumentality of war. PFR File, Tab 2 at 5, Tab 7 at 12-13; IAF, Tab 8 at 23-26. He further asserts that public policy should provide an exception for veterans like him who become disabled during their military service. PFR File, Tab 7 at 12-13. We find that these arguments fail to prove that he meets a statutory exception to the general prohibition of double-crediting of military service under both military and civilian pensions. *See* 5 C.F.R. § 1201.56(b)(2)(ii).

¶14 Accordingly, we affirm the initial decision except as modified herein.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.